# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **CURT MARCANTEL** | **CASE NO. 2:22-CV-01511** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 47] filed by defendant State Farm Fire & Casualty Company, seeking to limit plaintiff's coverage for the replacement of his roof to the actual cost of those repairs. Plaintiff opposes the motion. Doc. 56.

## I.
### BACKGROUND

This suit arises from alleged damage to plaintiff's primary residence in Lake Charles, Louisiana, and his ranch in Singer, Louisiana, during Hurricane Laura. At all relevant times the properties were insured under a policy issued by State Farm. Plaintiff filed suit in this court on June 6, 2022, alleging that State Farm had not timely or adequately compensated him for his covered losses. Doc. 1. Accordingly, he raises claims for breach of insurance contract and bad faith under Louisiana law. The matter is set for jury trial before the undersigned on July 22, 2024.

State Farm now brings this motion for partial summary judgment, seeking to limit plaintiff's coverage for the replacement of the roof at his primary residence to the actual

cost of those repairs rather than the cost provided in plaintiff's estimates. Doc. 47. Plaintiff opposes the motion, arguing that the repair is not a final one and was only intended as a temporary measure to mitigate against further damages. Doc. 56.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v.*

*Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Plaintiff submitted an estimate from April 2024 valuing the replacement cost of his roof repairs at over $51,000.00. Doc. 47, att. 4. He testified, however, that he replaced the roof on his primary residence shortly before Hurricane Delta struck in October 2020, paying between $6,000 and $7,000 for materials and an unknown amount for labor. Doc. 47, att. 3, pp. 34–36. He did not retain any invoices and has only the check written for materials as proof of these costs. *Id.* Accordingly, State Farm moves to limit plaintiff's recovery for this repair to the actual cost rather than that provided in his estimates.

Louisiana law, a plaintiff must support the best evidence in support of his claim. *Volkswagen of Am., Inc. v. Robertson*, 713 F.2d 1151, 1169 (5th Cir. 1983). "Damages may be predicated on estimation only when the loss has not been repaired. If the damaged property has been restored to its former condition by repair, the proper basis for assessing the damage is the repair bill." *Id.* (quoting *Lambert v. Allstate Ins. Co.*, 195 So.2d 698, 700 (La. Ct. App. 1st Cir. 1967)). Plaintiff maintains that the repair is only a temporary one. To this end he points to the report of his expert, Charles Norman, who inspected the residence in July 2021.[1] *See* doc. 56, att. 3. Norman opined: "The entire roof must be removed and replaced including any decking damage." *Id.* at 4. There is no indication as to whether the

---

[1] State Farm challenges the report for being unsigned, but this deficiency was cured by subsequent submission.

Page 3 of 4

October 2020 roof repair included decking replacement. Accordingly, plaintiff has created an issue of fact as to whether the roof repairs were final and whether the roof has been restored to its pre-storm condition. He is entitled to rely on the estimate to the extent he can convince the jury that further repairs are warranted.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 47] will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on the 24th day of June, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE