UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CURT MARCANTEL**   CASE NO.  2:22-CV-01511

**VERSUS**   JUDGE JAMES D. CAIN, JR.

**STATE FARM FIRE & CASUALTY CO**   MAGISTRATE JUDGE LEBLANC

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 48] filed by defendant State Farm Fire & Casualty Company, seeking to dismiss plaintiff's claims for living expenses under Coverage C of the policy. Plaintiff Curt Marcantel opposes the motion. Doc. 55.

### I.
### BACKGROUND

This suit arises from alleged damage to plaintiff's primary residence in Lake Charles, Louisiana, and his ranch in Singer, Louisiana, during Hurricane Laura. At all relevant times the properties were insured under a policy issued by State Farm. Plaintiff filed suit in this court on June 6, 2022, alleging that State Farm had not timely or adequately compensated him for his covered losses. Doc. 1. Accordingly, he raises claims for breach of insurance contract and bad faith under Louisiana law. The matter is set for jury trial before the undersigned on July 22, 2024.

State Farm now brings this motion for partial summary judgment, seeking to dismiss plaintiff's claims for living expenses under Coverage C of the policy. To this end it notes

that plaintiff moved to another property owned by his company after his primary residence was damaged, and has not shown that he actually incurred any additional expenses from that relocation. Plaintiff opposes the motion, arguing that his residence was rendered uninhabitable after the storm and that he has submitted competent evidence of the rent owed to his company on the investment property he moved into after the storm. Doc. 55.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

Plaintiff is seeking over $120,000 under Coverage C (Additional Living Expenses) of his policy. Doc. 48, att. 3, pp. 9–10. The relevant policy provision states:

> **Additional Living Expense.** When a ***loss insured*** causes the ***residence premises*** to become uninhabitable, ***we*** will pay the reasonable and necessary increase in cost incurred by an ***insured*** to maintain their normal standard of living for up to 24 months. ***Our*** payment is limited to costs incurred for the shortest of:
>   a.  the time required to repair or replace the premises;

    b. the time required for your household to settle elsewhere; or
    c. 24 months.

Doc. 48, att. 5, p. 30.

  Plaintiff maintains that he has been residing at 6106 East Myrtle Bay Drive in Lake Charles since October 2020, due to the hurricane damage at his primary residence. Doc. 48, att. 4, pp. 11–12, 83. The East Myrtle Bay Drive residence is an investment property owned by Black Lake Land and Oil Company ("Black Lake"), which is fully owned by plaintiff. *Id.* at 12. Plaintiff does not rent out his investment properties and instead holds onto them to sell later. *Id.* at 86–88. Plaintiff nevertheless executed a lease with Black Lake for the East Myrtle Bay Drive property, setting rent at $3,800/month. Doc. 55, att. 3. He has not actually paid any rent, but maintains that this is because State Farm has not paid anything on his Coverage C claim. *Id.* at 13–14; *see* doc. 55, att. 3 (lease).

  Where there is no evidence that additional living expenses were actually incurred, or that they were actually necessary to maintain plaintiff, a defendant insurer cannot be held liable for such coverage. *See Young v. State Farm Fire & Cas. Ins. Co.*, 426 So.2d 636, 645 (La. Ct. App. 1st Cir. 1982) (reversing jury award). Plaintiff asserts that the rent is owed to Black Lake, which is a separate juridical entity, and will be paid once he receives the funds from State Farm. Here it is a question of credibility as to whether the costs were actually incurred—that is, whether plaintiff will "reimburse" his company. At any rate, however, State Farm has demonstrated that they were neither necessary nor reasonable. Plaintiff did not rent out his investment properties. He has not shown that either he or his company actually incurred any costs, or lost any profits, when he chose to take up residence

in one of those properties rather than leaving it vacant. Accordingly, State Farm does not owe the "rent" plaintiff has effectively charged himself.

Plaintiff may be able to show, however, that he is owed additional contractual damages for any actual increased costs he incurred (such as utilities and moving expenses) as a result of moving out of his primary residence. In response State Farm may argue for a cap on these expenses based on the arguments it has raised here based on plaintiff's failure to timely repair the property and the two-year limit on ALE under the policy. Accordingly, summary judgment will be **DENIED** on this claim.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 48] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of June, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**