## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**CURT MARCANTEL**                     **CASE NO.  2:22-CV-01511**

**VERSUS**                             **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO**      **MAGISTRATE JUDGE LEBLANC**

### MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 49] filed by defendant State Farm Fire & Casualty Company, seeking to limit plaintiff's recovery to Actual Cash Value of the damages claimed. Plaintiff Curt Marcantel opposes the motion. Doc. 57.

## I.
### BACKGROUND

This suit arises from alleged damage to plaintiff's primary residence in Lake Charles, Louisiana, and his ranch in Singer, Louisiana, during Hurricane Laura. At all relevant times the properties were insured under a policy issued by State Farm. Plaintiff filed suit in this court on June 6, 2022, alleging that State Farm had not timely or adequately compensated him for his covered losses. Doc. 1. Accordingly, he raises claims for breach of insurance contract and bad faith under Louisiana law. The matter is set for jury trial before the undersigned on July 22, 2024.

State Farm now brings this motion for partial summary judgment, seeking to limit plaintiff's recovery to Actual Cash Value ("ACV") of the claimed repairs due to his failure

to complete repairs within two years as required by the policy to recover Replacement Cost Value ("RCV"). Plaintiff opposes the motion, arguing that he did not begin repairs because State Farm did not provide him with sufficient funds to complete them. Doc. 57.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v.*

*Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

The policies at issue provide that recovery under Coverage A (Dwelling) and Coverage B (Personal Property) is limited to actual cash value ("ACV") unless and until the damaged property is repaired or replaced. *See* doc. 49, atts. 3–5. At that point, the insurer will pay Replacement Cost Value ("RCV")—that is, the additional amount required to repair or replace the damaged property up to the limit of liability—but only if the repair or replacement is completed within two years of the date of loss. *Id.*

This court has previously held that the "prevention of performance" may void this limitation, if the insured can show that it was unable to complete repairs within the two-year period because of underpayment by the insurer. *E.g.*, *TGS Properties LLC v. Covington Spec. Ins. Co.*, 2023 WL 6430676, at *2 (W.D. La. Sep. 28, 2023). State Farm points to *Orleans Parish School Board v. Lexington Insurance Company*, 118 So.3d 1203 (La. Ct. App. 4th Cir. 2013), in which a Louisiana appellate court held that the doctrine did not apply. The Louisiana Third Circuit Court of Appeal has rejected the Fourth Circuit's position. *Mason v. Shelter Mut. Ins. Co.*, 209 So.3d 860 (La. Ct. App. 3d Cir. 2016). This court has repeatedly made its position clear, a position which is the subject of a circuit split among the Louisiana appellate courts, and will not change course until presented with binding authority to the contrary.

State Farm further argues that plaintiff cannot obtain RCV coverage because it has made substantial payments to plaintiff and plaintiff has not shown that he lacked the means to finance the repairs himself. Plaintiff testified that, other than replacing the roof on his main residence and securing the property, he had not performed any repairs. Doc. 49, att. 7, pp. 34–42. He stated that he was waiting to start the remaining repairs until State Farm sent him enough money to complete them, because it would "be more costly if I go in and just do a little piece here, a little piece there, and then I'll have to stop and wait." *Id.* at 44. When asked whether he had sufficient personal funds or the ability to acquire a loan, he stated:

> I don't feel like it's my responsibility to take my personal money and repair
> to home on a hope that the insurance company is going to come through on

their portion of the damages. I like to make the repairs as I receive the money and if there's enough money to make the total repairs.

*Id.* at 45.

State Farm acknowledges that a significant gap exists between the damage amounts claimed by plaintiff and the amounts it has paid to date. For instance, State Farm has paid $78,927.76 under Coverage A for damage to plaintiff's main residence while plaintiff claims $283,545.80 RCV under this coverage. Doc. 49, att. 6, p. 18. For the ranch, plaintiff claims he is still owed over $300,000.00 in RCV under Coverage A. *Id.* For contents between the two locations, plaintiff claims he is owed over $600,000.00. *Id.* Given these discrepancies, and the lack of evidence as to plaintiff's financial condition/ability to fund repairs himself, plaintiff may be able to show he was unable to complete repairs due to State Farm's underpayment of the claims.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 49] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of June, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**