UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CURT MARCANTEL** | **CASE NO. 2:22-CV-01511** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 51] filed by defendant State Farm Fire & Casualty Company, seeking dismissal of plaintiff's personal property claims. Plaintiff Curt Marcantel opposes the motion. Doc. 58.

### I.
### BACKGROUND

This suit arises from alleged damage to plaintiff's primary residence in Lake Charles, Louisiana, and his ranch in Singer, Louisiana, during Hurricane Laura. At all relevant times the properties were insured under a policy issued by State Farm. Plaintiff filed suit in this court on June 6, 2022, alleging that State Farm had not timely or adequately compensated him for his covered losses. Doc. 1. Accordingly, he raises claims for breach of insurance contract and bad faith under Louisiana law. The matter is set for jury trial before the undersigned on July 22, 2024.

State Farm now brings this motion for partial summary judgment, seeking dismissal of plaintiff's claim for $663,682 in allegedly damaged personal property. To this end it challenges the valuations in plaintiff's contents list as well as his failure to preserve the

allegedly damaged contents for inspection and his lack of photographic evidence for many of the items claimed. Plaintiff opposes the motion, arguing that he submitted sufficient proof of loss and has cooperated to the best of his ability. Doc. 58.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v.*

*Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

The policies at issue impose certain "Duties After Loss" upon plaintiff, including exhibiting the damaged property, providing State Farm with any requested records or documents, and preparing an inventory of damaged property "showing in detail, the quantity, description, actual cash value and amount of loss." Doc. 51, atts. 5–7. Plaintiff claimed hurricane damage to personal property at both insured locations, as well as damaged insured personal property at offsite storage facilities. The latter category includes flooring materials that plaintiff never personally inspected as well as a new ice machine,

ceiling fans, and a generator. *Id.* at 124–26, 143–49, 153–55. He also claimed that several items were looted from his home, including $81,725.00 worth of jewelry and several guns, but could not recall whether he had filed a police report. Doc. 51, att. 4, pp. 113–14, 118. He stated that he disposed of some of the items at the storage facilities while keeping others. *Id.* at 145, 155.

Plaintiff submitted contents lists with valuations based on his own research, but did not produce any documentation of these valuations. *See id.* at 105–21. Among the items claimed at the insured locations were multiple laptops, a Louis Vuitton purse and luggage set, lawn equipment, tools, appliances, and several items of furniture. Plaintiff testified that he disposed of "[w]hatever was wet" and did not keep any receipts. *Id.* at 109. According to the claims file, plaintiff repeatedly refused to submit photographic evidence of his claimed contents damage, arguing both that State Farm had taken photos during its visits to the property and that he did not have the time/could not deal with the smell of water-damaged items. Doc. 52, att. 3, p. 8. He eventually submitted pictures but did not have a picture of the designer purse or luggage set. Doc. 52, att. 4, pp. 110–11. From the photos he did submit, which mostly show furniture, tools, and hunting gear, it is difficult to perceive any damage. *See* doc. 51, att. 8, pp. 4–20, 26–28.

State Farm sent a contents consultant to the insured locations on May 13, 2024. The consultant attests that he was only able to locate 12 items on plaintiff's contents list and observed no water damage to these items. Doc. 51, att. 9, p. 1. Another consultant who attended this inspection determined that plaintiff's John Deere 4066 R tractor and John Deere 5100 E tractor, both of which had been claimed, started and appeared to run

normally. Doc. 51, att. 10, p. 1. The other lawn equipment claimed at that site could not be tested because the key was missing and/or the battery had been disconnected. *Id.* at 2.

"Louisiana law teaches that failure to fulfill policy requirements that are conditions precedent to an insurance contract precludes suit under the policy[.]" *Mosadegh v. State Farm Fire & Cas. Co.*, 330 F. App'x 65, 65 (5th Cir. 2009) (citing *Lee v. United Fire & Casualty Co.,* 607 So.2d 685, 688 (La. Ct. App. 4th Cir. 1992); *Robbert v. Equitable Life Assur. Soc.,* 46 So.2d 286 (La. 1949)). Accordingly, an insured's failure to cooperate with the insurer and to fulfill his obligations under the policy may be asserted as a material breach and a defense to suit. *Spindel v. Bankers Spec. Ins. Co.*, 2010 WL 5439706, at *2 (E.D. La. Dec. 28, 2010). Louisiana courts have also emphasized, however, that

> a cooperation clause is emphatically not an escape hatch that an insurer may use to flee from liability. It is most certainly not the law of Louisiana that any failure to comply with the policy conditions, no matter how trivial, will relieve an insurer from liability under the policy it drafted and issued.

*Jackson v. State Farm Fire & Cas. Co.*, 2010 WL 724108, at *8 (E.D. La. Feb. 22, 2010). Instead, dismissal on these grounds is "a draconian remedy" and is appropriate only where the insurer can establish actual prejudice. *Kerr v. State Farm Fire & Cas. Co.*, 934 F.Supp.2d 853, 857–58 (M.D. La. 2012) (internal quotations omitted); *accord Illinois Union Ins. Co. v. La. Health Serv. and Indem. Co.*, 257 F.Supp.3d 763, 797 (E.D. La. 2017).

From the record, it appears plaintiff did not fulfill his duty to cooperate in the investigation of his contents claims. After submitting his contents list, he did not preserve

many of the items claimed or provide adequate photographic documentation.[1] State Farm can establish prejudice, given that most of the items claimed are no longer available for inspection and the photographic evidence is inadequate to establish whether and how the items were damaged. The insurer is under no duty to issue payment when it is deprived of the opportunity to adequately investigate the claim—especially when, as here, the claim is so large and tenuous. Accordingly, as this court has previously ruled, plaintiff may not recover for his personal property as an element of contractual damages. *Wolf v. State Farm Fire & Cas. Co.*, 2024 WL 393821 (W.D. La. Jan. 31, 2024). In the absence of a contractual claim, his bad faith claim also fails. *E.g.*, *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 363 (5th Cir. 2010).

## IV.
### Conclusion

For the reasons stated above, the Motion for Summary Judgment [doc. 51] will be **GRANTED** and all claims for breach of contract and bad faith arising from plaintiff's personal property coverage will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of June, 2024.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[1] In his opposition plaintiff contends that he "submitted the items on the detailed descriptive list to experts from State Farm who were able to observe and inspect the items" and that "[t]here is no merit to the contention that [he] did not exhibit the items in compliance with the policy." Doc. 58, p. 4. This directly contradicts his sworn testimony that he disposed of many of the items.