**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**CURT MARCANTEL**                          **CASE NO.  2:22-CV-01511**

**VERSUS**                                      **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO**    **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the court are a Motion for Summary Judgment [doc. 52] and Motion for Partial Summary Judgment [*id.*] filed by defendant State Farm Fire & Casualty Company, seeking dismissal of all of plaintiff's claims or, in the alternative, plaintiff's bad faith claims. Plaintiff Curt Marcantel opposes the motion. Doc. 54.

**I.**
**BACKGROUND**

This suit arises from alleged damage to plaintiff's primary residence in Lake Charles, Louisiana, and his ranch in Singer, Louisiana, during Hurricane Laura. At all relevant times the properties were insured under a policy issued by State Farm. Plaintiff filed suit in this court on June 6, 2022, alleging that State Farm had not timely or adequately compensated him for his covered losses. Doc. 1. Accordingly, he raises claims for breach of insurance contract and bad faith under Louisiana law. The matter is set for jury trial before the undersigned on July 22, 2024.

State Farm now brings this motion for summary judgment and motion for partial summary judgment, arguing that plaintiff's case in its entirety or at least his bad faith claims should be dismissed. Doc. 52. Plaintiff opposes the motion. Doc. 54.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v.*

*Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Most of the issues raised by State Farm in this motion deal with plaintiff's lack of cooperation concerning his claim for damaged personal property. State Farm brought a motion for partial summary judgment on plaintiff's breach of contract and bad faith claims arising from that coverage, and the court is granting that relief by separate ruling. Accordingly, those issues are not addressed under this motion.

State Farm otherwise argues that it has been hindered in investigation of plaintiff's claims and cannot be held liable for its investigative delays, given plaintiff's history of claims[1] and the possible indicators of fraud in his contents claim. Beyond the contents claim, it notes plaintiff's failure to submit receipts for his roof replacement. *See* doc. 52, att. 4, p. 35. But plaintiff testified that he simply failed to hold onto receipts for this one repair made shortly after the storm. The proper remedy, instead, is to limit his recovery for this repair to the amount provided in State Farm's own estimate.

State Farm further points to plaintiff's failure to appear at scheduled inspections in October 2020 and August 2021, which limited the ability of State Farm's consultants to access the property. The cited records show that plaintiff did not show for the October 2020

---

[1] Plaintiff filed claims with State Farm in 2019, relating to (1) a car accident, (2) the theft of his vehicle and vandalism of his home, and (3) a hail storm; and in 2017 for a flooded vehicle. Doc. 52, att. 3, pp. 4–5. He has also filed suits against other insurers relating to property damages in Hurricanes Laura and Delta. Doc. 52, att. 4, pp. 5–10.

initial inspection, meaning that the field adjuster could not access the interior of the house and would need "to either reschedule the appointment for inspection or . . . attempt to virtually sketch the inter[ior] damage." Doc. 52, att. 3, p. 6. There is no indication of when or how State Farm attempted to reschedule. For the August 2021 engineering inspection, the report reflects that plaintiff accompanied the inspector on the initial inspection but only failed to appear when the inspector attempted a follow-up the next day. Doc. 52, att. 6, pp. 4–5. There is no record of whether the follow-up was scheduled with plaintiff or whether another visit was attempted.[2]

Finally, State Farm argues that plaintiff failed to appear at an examination under oath. To this end it points to its motion for sanctions against plaintiff after he failed to appear for two noticed depositions set less than two months before the previous trial date. Doc. 26, att. 3. The court granted the motion for sanctions (in the form of costs and attorney fees) and continued the trial, admonishing plaintiff that any further motion practice based on his conduct could result in dismissal of the suit. Doc. 33. After that ruling, dated October 5, 2023, State Farm did not depose plaintiff until March 11, 2024. Doc. 52, att. 4. It provides no indication that plaintiff had failed to cooperate in this scheduling, however.

From this record, there is no indication that State Farm began seeking an examination under oath or deposition of plaintiff before the matter was set for trial. Plaintiff has already been sanctioned for his past lack of cooperation in scheduling the deposition.

---

[2] State Farm also relies on this engineer's determination that plaintiff's claimed interior moisture damage is a result of the prolonged time his residence was without air-conditioning due to plaintiff's own failure to mitigate. *See* doc. 52, att. 6, pp. 4–5. Plaintiff's own expert disagrees, asserting that the damage came roof leaks. Doc. 54, att. 6, p. 3. Accordingly, this is a factual issue and must be left for the jury to determine.

Taken together, these circumstances are insufficient to void plaintiff's claims on his remaining areas of coverage or show an absence of material fact on State Farm's delays for payment.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 52] and Motion for Partial Summary Judgment [doc. 52] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of June, 2024.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**